No. 33.—WILLIAM D. SHOCKLEY, plaintiff in error, *vs.* G. O. DAVIS and others, defendants in error.

[1.] Where A agrees with B that in consideration that B will become his surety to C, he, A, will turn over choses in action for his indemnity : *Held*, that A being in failing circumstances, a Court of Equity will decree a specific performance of the contract.

In Equity, in Marion Superior Court.   Decision by Judge CRAWFORD, August Term, 1854.

G. O. Davis and others became the sureties of Wm. D. Shockley on two promissory notes, amounting to $1200, upon the agreement and promise of Shockley to turn over and transfer to them his books of account and other evidence of debt, to secure them from loss by reason of their suretyship.   These books, &c. were partnership assets of Shockley & Wooding. Davis and his co-sureties filed their bill, alleging that Shockley had refused to comply with his agreement; that he was in failing circumstances, and that suit was pending against them on the notes.   The prayer was for a specific performance.

The over-ruling of a demurrer to this bill is the error assigned in this case.

OLIVER and S. HALL, for plaintiff in error.

PRYOR, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Can this bill be sustained, filed as it is to enforce the specific performance of an agreement, to turn over choses in action to indemnify the complainants against their securityship for the defendant?

It is demurred to on several grounds.   It is denied that a Court of Equity has jurisdiction over a bill for the specific performance of a contract, relative to chattels.   And ordinarily,

it has not, for the reason that adequate compensation, it was supposed, could be recovered at Law, for the breach of such a contract. All parties are entitled to a compliance with their contracts. And it is no good excuse, that they may recover damages at Law for their breach. Instead of the party's having the benefit of his own agreement, the objection upon principle to this whole doctrine is, that it allows a Court and Jury to substitute so much money as they may think sufficient to indemnify the party against the injury he has sustained. Remedial justice will be incomplete, until this defect in the law is cured; and until it shall be established, that all parties shall be entitled to have their contracts executed, if it be practicable, due regard being had to the rights of third persons which have intervened.

But whatever imperfection may exist in this respect, there is no want of power in the Courts to maintain this bill, provided it was properly framed. The bill is not brought to enforce a contract of sale respecting chattels, but to compel the defendant to execute the indemnity which he promised to the complainants, to induce them to become his sureties. No satisfaction could be made for the failure to perform such an undertaking, especially by a defendant who is, as alleged by the bill, "in sinking circumstances," and against whom judgments may be previously obtained by others. In which event, the remedy at Law would prove to be wholly unavailing.

Nor is it any answer against the equity jurisdiction, that the complainant may attach or obtain a *ne exeat.* Did the complainants go into Court upon general principles of Equity, it would be competent to show that they had an adequate and ample Common Law remedy. But not so when they pray the specific performance of a contract.

This bill, however, is deficient in two particulars. First. In not stating what books of account or evidences of debt were to be turned over. If the complainants were unable to specify these *choses in action* with minuteness, for want of access to them, they should have charged this fact, by way of excuse for their want of particularity, and have called upon the defendant

to supply the deficiency.   The charge, in this respect, is too vague.   The decree cannot be more definite than the bill— and if rendered, could not be enforced for uncertainty.   Suppose a decree were rendered in conformity to the prayer of the bill, that the defendant turn over to the complainant his books of account and other evidences of debt, and an attachment were moved against him for not complying with the decree, could a Court determine whether he had or had not?

But again, the notes for which the complainants became surety are, upon their face, the individual debts of Wm. D. Shockley.   *Prima facie,* he nad no right to pledge the partnership effects for their payment, or to secure those who were bound for him.   True, the bill shows that these notes were given for the partnership debt of Shockley & Wooding, to P. McLaren & Co.; still, it should have been distinctly averred that these notes, although made by Shockley alone, were nevertheless the notes of the firm.

If the bill be amended in these particulars and supported by satisfactory proof, the complainants will be entitled to the redress which they seek.