## McCoy *v.* WILSON, Ex'r, ET AL.

PROMISSORY NOTES.—*Principal and Surety —Partnership.—Decedents' Estates. —Pleading.—*In an action on a promissory note, executed by a partnership as principal, and another as surety, against the surviving partner, the executor of the deceased partner, and the surety, the latter answered by way of counter-claim, alleging that he had executed such note, as

McCoy *v.* Wilson, Ex'r, *et al.*

such surety, at the request of the deceased partner, in his lifetime, and on his promise that certain bank-stock belonging to decedent should stand as collateral for the payment of the note, but that, before such bank-stock could be transferred, the decedent had died. Prayer, that the bank-stock be transferred to the surety, or that it be first sold to satisfy any judgment that might be rendered on the note.

*Held,* on demurrer by the executor, that the answer is sufficient.

SAME.—*Insolvency*—An answer, in such case, to such counter-claim, by the executor, that the decedent's estate, and also such partnership, are insolvent, and that the executor claims such bank-stock as assets of the estate, is insufficient

From the Allen Circuit Court.

*R. S. Taylor* and *S. L. Morris,* for appellant.

*L. M. Ninde,* for appellees.

BIDDLE, C. J.—The Fort Wayne National Bank brought this action against Chauncey B. Oakley, surviving partner of B. W Oakley & Son, George W. McCoy and George H. Wilson, executor of the estate of Benjamin W. Oakley, deceased.

The suit is founded upon a promissory note, made by B. W. Oakley & Son, partners, and George W. McCoy, payable to the bank, for four thousand dollars.

McCoy answered the complaint by a general denial, and by way of counter-claim, which may be briefly stated, as follows: That, before and at the time the note was made, Benjamin W. Oakley was the owner of four thousand dollars of the capital stock of the bank; that it was agreed between said Oakley and McCoy, that, if McCoy would execute the note as surety for B. W. Oakley & Son, the said bank-stock should stand as collateral security to protect McCoy against the note, until the indebtedness was paid; that, in pursuance of said agreement, McCoy executed the note in suit as surety of B W. Oakley & Son; that Benjamin W. Oakley died, without transferring said bank-stock to McCoy, and that Wilson is his executor; asking that said bank-stock be so transferred, or ordered to be sold, and the proceeds applied to the payment of the note, and for other and proper relief.

Wilson demurred to the counter-claim of McCoy, for the

want of sufficient facts stated therein; his demurrer was overruled, and exceptions reserved. He then answered the counter-claim substantially as follows: That Benjamin W. Oakley, at the time of his death, owned real and personal property in his own right, and in common with Chauncey B. Oakley, to the value of twenty thousand dollars; that Benjamin W. Oakley, at the time of his death, owed debts to the amount of fifteen thousand dollars, for which he was individually liable; and was also indebted jointly with Chauncey B. Oakley, who was his partner at the time of his death, under the firm name of B. W. Oakley & Son, in the further sum of forty-five thousand dollars; that the estates of Benjamin W. Oakley, and Chauncey B. Oakley, the surviving partner, are wholly insolvent; that the said estate, including the bank-stock, is insufficient to pay the debts yet remaining due against it, and claiming the bank-stock as general assets, etc.

Upon demurrer by McCoy to the answer of Wilson to the counter-claim, alleging the insufficiency of the facts stated to constitute a defence, the court held the answer sufficient, and McCoy excepted.

There are other pleadings in the record, but the above present the questions which must decide the case.

Proceedings were had, and final judgment rendered against all the defendants.

Wilson assigns, as a cross-error, the overruling of his demurrer to McCoy's counter-claim, and McCoy assigns, as error, amongst others, the overruling of his demurrer to the answer of Wilson to the counter-claim.

The court committed no error in overruling the demurrer to the counter-claim of McCoy. Under the facts therein alleged, he was entitled to have the bank-stock of Benjamin W. Oakley, or so much of it as was necessary, sold by the order of the court, to discharge the note in suit, and thus relieve him as the surety of B. W. Oakley & Son. *Ward* v. *Sumner*, 5 Pick. 59; *Macomber* v. *Parker*, 14

Pick. 497; *Sullivan* v. *Tuck,* 1 Md. Ch. 59; *Triebert* v. *Burgess,* 11 Md. 452; *Shockley* v. *Davis,* 17 Ga. 177; *Lyde* v. *Minn,* 1 Myl. & K. 683; *Chamberlain* v. *Blue,* 6 Blackf. 491.

The following cases, though brought upon executed contracts, recognize the same principle: *The Indiana, etc., R. W. Co.* v. *McKernan,* 24 Ind. 62; and *The Crescent City Bank* v. *Carpenter,* 26 Ind. 108.

How the death and insolvency of Benjamin W. Oakley, and the insolvency of his surviving partner, Chauncey B. Oakley, can constitute a defence to McCoy's counter-claim, we do not perceive. If these facts could have any effect in the case, it would seem to us that they offer a still stronger reason why McCoy should resort to the bank-stock, to be relieved as the surety of B. W. Oakley & Son; because, if they were solvent, he might, as a general creditor, resort to the estate of Benjamin W. Oakley, or to Chauncey B. Oakley, the surviving partner, and thus be reimbursed, upon the payment of the debt, instead of being driven to the bank-stock to protect his rights.

In overruling the demurrer of McCoy to the answer of Wilson to the counter-claim, we think the court erred.

The judgment is affirmed in favor of the bank, against the defendants; reversed, as between McCoy and Wilson, on the answer to the counter-claim, at the costs of Wilson, as executor. Cause remanded, etc.