Coös,
July 1, 1910.

### FIDELITY & DEPOSIT CO. v. BUCKLEY & a.

Where a bond provides that the principal obligor shall indemnify his sureties in the event of forfeiture, they are entitled to have the indemnitor pay the debt and thereby save them harmless, and may ordinarily obtain relief by a bill in equity praying for a specific performance of the agreement.

BILL IN EQUITY, praying that the defendant be ordered to mortgage to the plaintiffs certain realty described in his application for a liquor license bond, or to mortgage sufficient real estate to indemnify the plaintiffs from liability on the bond, and for such other relief as may be just. The question whether upon the facts hereinafter stated the plaintiffs are entitled to the relief prayed for, or to any relief, was transferred from the December term, 1909, of the superior court by *Chamberlin*, J.

April 2, 1904, the defendant made a written application to the plaintiffs to become surety upon a bond for $2,000 which he was required to give as a licensed dealer in intoxicating liquor. The application stated that he owned real estate therein described of the value of $10,000, the record title to which was then in him, and contained the following: "In case the bond is forfeited (or at any time at the request of the company) during the term for which the bond is issued, I agree to immediately mortgage sufficient real estate to indemnify the company." The plaintiffs became surety upon the bond as applied for. The bond has been forfeited

and payment demanded by the state. Subsequently to the forfeiture and before this suit was brought, the plaintiffs requested the defendant to mortgage real estate to them in accordance with the agreement in his application, but he has not done this, nor has he paid the bond. The real estate described in the application was the only realty standing in the name of the defendant at the time suit was brought, and was attached to secure any decree which might be made in the plaintiffs' favor.

When the defendant applied to the plaintiffs' agents for a bond, he was informed that the company declined to issue bonds for liquor licensees who did not own real, estate, and he thereupon secured from his wife a deed of the premises described in his application. The answer denied that the defendant owned or ever had title to the premises described in the application, and alleged that they were owned by his wife, who conveyed them to him in order that he might procure the plaintiffs as surety on his bond. The plaintiffs' bill was filed July 26, 1904. The conveyance to the defendant from his wife was made April 1, 1904, and he reconveyed to her September 1, 1904. The defendant's wife having been made a party to the suit, it is found that the premises in question were originally conveyed to her, but were paid for with funds derived from a business carried on by her husband in the name of Mrs. A. E. Buckley, and that the business and the money used in buying the real estate belonged to him.

*Daniel J. Daley* and *Herbert I. Goss*, for the plaintiffs.

*Edmund Sullivan* and *Rich & Marble*, for the defendant.

PARSONS, C. J.   The plaintiffs at the defendant's request became surety for him. If as such surety they should be compelled to pay anything, they could as matter of law recover the amounts so paid of the defendant, whether he did or did not expressly agree to repay them. But in his application for a bond, in which he requested them to become surety for him, which has been made a part of the case, he expressly agreed to reimburse them for all expense that might be occasioned them by assuming that relation. " The contract stated is one of indemnity, in which cases it is usual to afford redress by a decree for specific performance." *Batchelder* v. *Wendell*, 36 N. H. 204, 213. " Courts of equity will decree the specific performance of a general covenant to indemnify, although it sounds in damages only, upon the same principle that they will entertain a bill *quia timet.*"   2 Sto. Eq. Jur., s. 850; *Champion* v. *Brown*, 6 Johns. Ch. 398, 406; *Shockley* v. *Davis*, 17 Ga. 177,— 63 Am. Dec. 233; *Michigan State Bank* v. *Hastings*, 1 Doug.

(Mich.) 225,—41 Am. Dec. 549 ; *Ranelaugh* v. *Hayes*, 1 Vern. 189. See *Sanders* v. *Insurance Co.*, 72 N. H. 485, 501.

*Ranelaugh* v. *Hayes* was a bill for the specific performance of a covenant to save harmless. The case was compared to a counter-bond, " where, although the surety is not troubled or molested for the debt, yet at any time after the money becomes payable on the original bond, this court will decree the principal to discharge the debt, it being unreasonable that a man should always have such a cloud over him." The defendant's agreement in writing in the following terms, " I do hereby covenant, promise, and agree . . . to reimburse the said company for any and all loss, costs, charges, suits, damages, counsel fees, and expenses of whatever kind or nature which said company shall or may, for any cause, at any time sustain, or incur, or be put to, for, or by reason, or in consequence of said company having entered into or executed said bond," is a counter-bond or agreement of indemnity expressed in terms of great comprehension. The bond has been forfeited, *i. e.*, the penal sum has become due, and payment has been demanded. In such case it is not necessary that the sureties should first pay the debt. They are entitled to have the indemnitor pay his own debt and thereby save them harmless.

No amendment of the bill is necessary. The allegations that the plaintiffs are surety for the defendant, that the debt has become due and payment has been demanded, which the defendant has neglected to make, authorize a decree requiring him to perform his obligation, in the absence of any facts tending to show that such a decree would be inequitable. *Norris* v. *Clark*, 72 N. H. 442. The facts that the defendant after this bill was brought conveyed to his wife the real estate which he claimed to own when he applied for the bond, and, contrary to the fact, claimed in this suit that he did not own, and that he owns no other real estate, tend to suggest the possible futility of any remedy at law. The real estate in controversy is attached in this suit to secure the performance of any orders that may be made therein. The order suggested will give the plaintiffs complete relief, without resort to the circuitous method of requiring the defendant to mortgage to them. It therefore seems unnecessary at this time to consider whether a decree could be made requiring the defendant to mortgage the described real estate, or, since he owns no other, what would be the same in effect unless the premises are divisible, to mortgage sufficient real estate to indemnify the plaintiffs.

*Decree for the plaintiffs.*

All concurred.