Hillsborough,
Feb. 3, 1942. } No. 3278.

MARYLAND CASUALTY COMPANY *v.* NELSON GENDRON.

*William W. Forbes*, by brief, for the plaintiff.

*Robert J. Doyle*, by brief, for the defendant.

Page, J. The judgment and the execution against Gendron was a debt of the principal that the surety was bound to pay to the creditor, though as between the plaintiff and the defendant, the duty of payment fell upon the latter. *Fidelity & Deposit Co.* v. *Buckley*, 75 N. H. 506. Upon payment of Gendron's debt, even voluntarily and without consulting Gendron, the plaintiff was at once entitled to the remedy of assumpsit against Gendron for reimbursement. *Odlin* v. *Greenleaf*, 3 N. H. 270; *Riddle* v. *Bowman*, 27 N. H. 236; Brandt, Suretyship and Guaranty (3d *ed.*), ss. 226, 229. No question is raised on the facts as to any possible limitation of this rule in case the principal, knowing of some possible method of escaping payment of the judgment, warns the surety not voluntarily to pay it. In the want of such a situation, the judgment established the surety's liability until he shows the contrary. Stearns, Suretyship (4th *ed.*), s. 176.

The case is much the same as if the defendant himself had paid the judgment and later had discovered ground for a new trial. Under such circumstances the judgment creditor would not be bound to repay the amount of the execution to the defendant, pending proceedings. The judgment creditor in this instance is entitled to hold the money paid by the plaintiff, and the defendant, on whose account the money was paid, is bound to reimburse the plaintiff, whose contract of suretyship does not bind it to "hold the bag" for the defendant under such circumstances as exist here. Gendron must look to the judgment creditors for his own reimbursement, when and if he becomes entitled to reimbursement. The question transferred is answered in the negative.

The defendant cites some authority for the proposition that an affidavit of defence is not a pleading. He further says that under the rules of the Superior Court an affidavit of defence is receivable only in cases the defendant has moved for a continuance. "There is a plain distinction between an affidavit filed for the purpose of obtaining a continuance, and a specification of a party's claim or ground of defence." *Norton* v. *Hazelton*, 45 N. H. 240, 242. The defendant's affidavit was of the latter sort, and was in the nature of a pleading. The motion to dismiss was in effect a demurrer. The plaintiff's exception is sustained.

*Case discharged.*

All concurred.