Calvin A. Tuttle,

*vs.*

William Moore.

T. and M. entered into a contract, by which T. agreed to assign and deliver to M. a certain note and mortgage, and M. agreed among other things to cancel and deliver to. T. certain notes made by T. and running to M.  T. fully performed on his part, and demanded performance on M.'s part.  *Held*, that T. was entitled to a specific performance by M. of his contract to cancel and deliver up the notes, notwithstanding the same were overdue, and in the hands of M., the original payee.

Appeal from a judgment of the district court for Hennepin county.

The defendant, being the owner of a note secured by a mortgage upon lands in Hennepin county, executed by one Henry Sholl and wife, assigned the same to the plaintiff, receiving in exchange three notes made by the plaintiff to defendant as payee, and secured by a mortgage upon land of plaintiff in the same county.  Afterwards, at the instance and suggestion of the defendant, a verbal agreement was made between the parties, by which the plaintiff promised to re-assign and deliver to the defendant the Sholl note and mortgage, and the defendant on his part, in consideration of such re-assignment, promised to surrender to the plaintiff the notes made by him, and to discharge of record the mortgage by which said notes were secured.  The plaintiff fully performed the agreement on his part, but the defendant refused to surrender the plaintiff's notes, and proceeded to foreclose the mortgage by advertisement.

The plaintiff in his complaint asked for relief against the mortgage made by him, and the foreclosure thereof, and for the cancellation and delivery to him of the notes. Before the trial, however, by stipulation between the attorneys of the parties, the plaintiff withdrew his claim for any other relief than the cancellation and surrender of the notes, which were in the defendant's possession and over due when the suit was brought.

A jury trial was waived by the respective parties, and the action was tried by the court. Judgment was ordered for the plaintiff for the cancellation and surrender to him of the notes, and the defendant appealed to this court.

H. J. HORN for Appellant.

SAMUEL R. THAYER for Respondent.

*By the Court*—BERRY, J.—It appears from the finding of the court below, that the plaintiff, being the owner of a certain note and mortgage known as the Sholl note and mortgage, and the defendant the owner of certain notes and a mortgage securing the same, which had been executed by the plaintiff and ran to the defendant, both parties entered into a contract, by the terms of which the plaintiff was to assign and deliver the Sholl note and mortgage to the defendant, and the defendant, on his part, was to cancel and discharge of record the mortgage so executed by the plaintiff, as well as to cancel and deliver up to the plaintiff the notes thereby secured. The plaintiff has duly performed upon his part, and, having made an ineffectual demand for performance on the part of the defendant, the prayer of his complaint is, that the mortgage executed by him may be adjudged to be canceled and discharged of record, that a certain foreclosure thereof may be set aside, and the notes executed by him may be adjudged satisfied and the defend-

Tuttle v. Moore.

ant ordered to cancel and deliver up the same. By mutual stipulation the plaintiff's claim for relief, except in regard to the notes, is waived and withdrawn; and, as to the notes, the relief prayed for was granted by the court below, and, as we think, properly granted.

The defendant contends that there was no consideration for the contract and that it was "contrary to the statute of frauds." We think the assignment and delivery of the Sholl note and mortgage a sufficient consideration, and that the statute of frauds is satisfied by the plaintiff's full performance.

But the defendant insists that the plaintiff is not entitled to the equitable relief sought because he has an adequate remedy at law, inasmuch as the notes are "overdue and in the hands of the original payee, so that they could not be used or transferred to prejudice his defence; and no special ground or even apprehension of injury is stated in the complaint calling for the interposition of equitable relief." The defendant having in this case expressly agreed to cancel and deliver up the notes, the granting of the relief sought is simply to compel the specific performance of his express contract, and is in truth the only adequate and complete remedy for the plaintiff. · If an action were brought upon the notes, the plaintiff might be able to make a successful defence; but he may be prevented from doing this in consequence of the lapse of time, the death, removal or forgetfulness of witnesses, the loss of documentary evidence, and by other contingencies not in his control. There is no good reason why the plaintiff should be subjected to this risk, nor any injustice in compelling the defendant to do what he agreed to do.

Upon the principle of *quia timet* the plaintiff is entitled to the relief granted. As Judge Story remarks, "If an instrument ought not to be used or enforced, it is against

conscience for the party holding it to retain it, since he can only retain it for some sinister purpose.    *    *    If it is a mere written agreement solemn or otherwise, while it exists it is always liable to be applied to improper purposes; and it may be vexatiously litigated at a distance of time when the proper evidence to repel the claim may have been lost or obscured; or when the other party may be disabled from contesting its validity with as much ability and force as he can contest it at the present moment."   1 *Eq. Juris.*, § 700

Judgment affirmed.