𝕮𝖍𝖆𝖗𝖑𝖊𝖘𝖙𝖔𝖜𝖓.

FARMERS' BANK *v.* MONTGOMERY *et al.*

Decided September 10, 1877.

1877.
August Term.

1. The order of dismissal of August 23, 1870, although irregular and erroneous, cannot now be reviewed and reversed, a writ of error thereto not having been taken in time.

2. All proceedings subsequent to said order of dismissal are *coram non judice*, except the order quashing the execution issued in the cause subsequent to said order of dismissal, said execution having issued without judgment.

3. Section 46, chapter 125, Code, as construed in the case of *Hunter* v. *Snyder's ex'r*, approved.

This was a *supersedeas* to a judgment of the circuit court of Fayette county, rendered on the 28th day of March 1876 in an action in said court then pending, wherein the president, directors and company of the Farmers' Bank of Virginia were plaintiffs, and James Montgomery and S. H. Carrick were defendants.

The *supersedeas* was allowed upon the petition of the defendants below.

The Hon. Homer A. Holt, Judge of the eighth judicial circuit, rendered the judgment complained of.

MOORE, JUDGE, who delivered the opinion of the Court, sufficiently states the case.

*J. W. Davis*, for defendants below and plaintiffs in error:

A judgment at rules and a term of the court succeed-

ing, without an issuable plea, does not constitute such final judgment as to put the cause beyond the control of the court. The court has power over the cause, and may set aside the office judgment at any time before a trial had, or an affidavit made pursuant to section 46, chapter 125, page 606 of the Code. The language of our Code is so different from that of Virginia, section 44, chapter 171, that the cases of *Alderson* v. *Gwinn*, 3 West Va. 229, and the cases therein cited, do not elucidate our statute.

*Matthews & Matthews*, for plaintiffs below and defendants in error.

MOORE, JUDGE, delivered the opinion of the Court:

The president, directors and company of the Farmers' Bank of Virginia, on the 5th day of July 1869, sued out of the clerk's office of the circuit court of Fayette county a summons in an action of debt against " James Montgomery and S. H. *alias* Samuel Carrick for $150.00, costs of protest $2.85, and damages $300.00." The plaintiff filed its declaration and note in said office at rules on the first Monday in August 1869.

On the 23d day of August 1870 the defendants filed the plea of statute of limitations, " that the action was not commenced within five years next after the cause of the said action arose ;" and on the same day the defendants moved to dismiss the case. The court sustained the plea of limitation, and dismissed the case. The order of dismissal of August 23, 1870, is in the following language : " This day came the parties, by their attorneys, and the defendants filed the plea of statute of limitations, which plea was sustained. It is therefore ordered that this suit be dismissed and that the defendants recover of the plaintiffs their costs in this behalf expended, including an attorney's fee of $5.00."

On the 31st day of March 1874, the plaintiff filed in its behalf the affidavit of Alexander F. Mathews in the

clerk's office of said court, stating that he verily believes "there is due from the defendants to the plaintiffs in the above entitled suit upon the demand in controversy in said suit, including principal and interest, the sum of $108.22, as of this the 31st day of March 1874, after deducting all just credits, payments and sets-off to which the said defendants are entitled."

On the 4th day of September 1874 the plaintiffs filed in the clerk's office a *memorandum*, stating the judgment in favor of the defendants on the statute of limitations, but alleging as follows: "That the office judgment was not set aside by any plea at the term after its confirmation, so that the bank claims that upon the adjournment of the term, there was an absolute judgment in favor of the plaintiffs, and the clerk will therefore issue execution for the debt in favor of the plaintiffs, affidavit having been filed as required by law."

On the 2d day of October 1874 the plaintiff sued out an execution against James Montgomery and Samuel H. Carrick for the sum of $108.22. The copy of the execution gives the date June 20, 1875.

The defendant, Montgomery, gave the plaintiff notice of a motion to be made on the second day of the August term of said circuit court, to quash said execution, upon the ground that there was no judgment, which notice was accepted August 9, 1875, and docketed August 28, 1875.

On March 28, 1876 the court did quash said execution, on the ground that it issued more than two years after the date of the judgment. On the same day the said court upon the motion of the plaintiff moved the court to confirm the office judgment of September 1869, which was done in the following order: "The judgment entered in the office in this case, at the September term rules 1869, having become a final judgment on the last day of the February term 1870 of this court, and the plaintiffs having filed an affidavit in this cause that there is due from the defendants to them upon a demand

in controversy in this suit, including principal and interest, the sum of $108.22, as of the 31st day of March 1874, the date of said affidavits, after deducting all just credits, payments and sets-off, to which the defendants are entitled; it is therefore ordered that said judgment be now entered up, and that the said plaintiffs recover from the said defendants the sum of $108.22, with interest thereon from the 31st day of March 1874, and their costs. And upon motion of the said plaintiffs, the said defendants having been duly served with ten days notice thereof, it is ordered that an execution be issued upon said judgment, but the issuing of said execution is to be stayed for sixty days from this date, in which shall be included an attorney's fee of $5.00.

To that order a writ of error and *supersedeas* was awarded by this Court, September 12, 1876.

The record of this case shows great irregularity, but such is the history of it as near as can be culled from the record, essential for the adjudication of it in this Court.

The defendants say they are aggrieved by the said judgment of March 28, 1876.

The authority for said judgment the appellee claims is by virtue of section 46, chapter 125 of the Code. This Court has at this term pronounced what it believes to be the proper construction of that section of the statute, in the case of *Hunter* v. *Snyder's ex'r*. I understand from the opinion in that case that if the affidavit required by the said 46th section, is filed during the first term of the court after the office judgment at rules, or at any time during the following vacation of the court final judgment may be entered during that term in court on or before the 15th day thereof, or during that vacation by the clerk. But if the affidavit be not made during that term, or during the following vacation, then the clerk has no authority to enter up final judgment, but the plaintiff must prove his case before the court, before judgment is given him. The language, in part, of Judge

Haymond in the opinion of that case on that point is:

"I think the affidavit required may be filed during the term of the court, or afterwards, and judgment entered by the clerk at any time before the next regular term of the court. If the affidavit is filed during the term of the court, then the final judgment may be entered up in court; and if the affidavit be filed during the term of the court and the final judgment be not entered in court before its adjournment, or the affidavit be filed after the adjournment thereof, and before the next regular term of the court, then the clerk of the court may enter up the final judgment. The language of the act is, "and the same shall be entered up in court either during *such term* or after its adjournment, by the clerk," &c. From this language, it seems to me, that the *final* judgment cannot be entered up in the court, upon the affidavit required, at any subsequent term; and for this reason, among others, it is but reasonable to infer, that the legislative intent was, that the required affidavit must be filed, and the judgment entered by the clerk before the next ensuing regular term of the court." Therefore, in the case before us, as the affidavit was not filed until nearly five years after the time it should have been filed, and the judgment complained of was not entered for nearly two years after the filing of the affidavit, the judgment was improper and clearly error, under the principles adjudicated in the said case of *Hunter* v. *Snyder's ex'r*, and should, even if there were not other errors, be reversed with costs to the plaintiffs in error against the defendants in error. But there is shown by the record a fatal objection to all the proceedings of the court subsequent to the order of dismissal of August 23, 1870, except the order of quashing the execution, of 28th of March 1876. However, irregular and improper it may have been in the court to have entered that order, yet as the plaintiff did not take proper steps to correct the error of that order, but suffered the five years to elapse in which they could have sought redress in the

1877.
August Term.

Farmers' Bank
v.
Montgomery
et al.

appellate court, that judgment declaring the case dismissed must stand as the final judgment, barred from correction by this Court in consequence of the lapse of time; and all the proceedings of the circuit court since the said order of August 23, 1870, are *coram non judice*, except the said order quashing said execution, and should be reversed, with costs to the plaintiff in error against the defendant in error, the said president, directors and company of the Farmers' Bank of Virginia. Though the order of said court in quashing said execution is correct, yet the reason stated, by the court, for so doing is not the true reason, the true reason being, that there was no judgment upon which said execution could issue, but nevertheless that order must stand.

For the foregoing reasons the said judgment of the circuit court of Fayette county of the 28th day of March 1876, is reversed with costs to the plaintiff in error against the defendant in error, the president, directors and company of the Farmers' Bank of Virginia.

JUDGMENT REVERSED.