# CHARLESTON

THOMPSON v. ADAMS, *et al.*

Submitted June 9, 1906.   Decided November 20, 1906.

1. APPEAL—*Review—Objections Not Raised Below.*
   Where a bill in equity shows a want of jurisdiction, the question may be raised for the first time in this Court.   (p. 464.)

2. RECEIVER—*Appointment—When Granted.*
   A court of equity, upon the application of a common creditor, is without jurisdiction to appoint a special receiver to take charge of a debtor's property, upon the ground of waste or misappropriation thereof.   (p. 464.)

3. SAME—*Common Creditor.*
   Before a court of equity will appoint such receiver, the creditor must have a lien upon or some right to charge the property other than that of being a mere common creditor.   (p. 465.)

Appeal from Circuit Court, Harrison County.

Bill by Will Thompson against James R. Adams and others. Decree for plaintiff, and Oliver P. Boughner, defendants appeal.

*Reversed.   Bill Dismissed.*

SPERRY & SPERRY, for appellant.

DAVIS & DAVIS and E. B. TEMPLEMAN, for appellee.

SANDERS, JUDGE:

The plaintiff, Will Thompson, filed a bill in the circuit court of Harrison county, against James R. Adams and others, claiming, among other things, that Adams owned large real estate and personal property; that he was heavily in debt; that he had resided in that county for a number of

years, but had left and gone to the State of Ohio to visit relatives; that he was last recognized in Cincinnati, Ohio, since which time he has not been seen nor heard of, although diligent search has been made for him by his relatives and others, and claiming Adams to be indebted to him and many others in large sums of money; that a number of suits were being prosecuted against him, which would mulct him in large and heavy costs; and averring that by reason of the absence of Adams his property was going to waste and would greatly depreciate in value, no one being authorized to take possession of and care for it; and asking for a convention of all his creditors and praying for the appointment of a receiver to take charge of his property, and also praying for an injunction restraining certain of his creditors from prosecuting their actions at law against said Adams. The injunction was granted, and the receiver of the personal estate appointed. Oliver P. Boughner was made a party defendant to the suit, but was not enjoined, and subsequently to the institution of this suit, and during its pendency, he obtained a judgment for $1164.96, against the defendant, Adams, and others, and filed an answer, setting up this judgment. The cause was referred to a commissioner, to ascertain and report, among other things, the indebtedness due and owing by the said James R. Adams, the nature, amount, and if any liens, the priorities thereof.

The commissioner reported the appellant's judgment as a common debt, not a lien, upon the real estate of Adams, and held it to be payable *pro rata* with the other common creditors of Adams, to which report Boughner excepted; but the court overruled the exception and confirmed the report in this respect, and Boughner has appealed.

The question which meets us at the threshold of this case is one of jurisdiction. The plaintiff claims to be only a common creditor of the defendant, Adams. He has no lien against him, and avers no ground of equity jurisdiction. The pretentious ground set up is that Adams has left the county and cannot be found; that he owns large real estate and personal property; that he is largely indebted, and that his property is going to waste. This does not entitle him to come into equity and ask for a receiver. He has shown no right to charge the property. He is only a common cred-

itor, and as such equity will not entertain him. He must first reduce his claim to a judgment, or lien, after which if he files his bill and shows reasons why the Court should take charge of the property, a receiver will be appointed. Under our statute, section 28, chapter 133, section 4031 Annotated Code, a receiver will be appointed, where there is danger of loss or misappropriation of the property or a material part thereof, of a debtor, but this is only done in a proper pending case. It certainly must be at the instance of some one who has a right to charge the property, and the statute does not mean to extend this remedy to every one who claims to be a common creditor. Equity must have jurisdiction independent of the appointment of a receiver. *Rainey* v. *Freeport &c. Co.*, 58 W. Va. 424; Hogg's Equity Pro., section 731; 17 Am. & Eng. Ency. Law, 684; *Howell* v. *Potts*, 80 Ala. 70; *State* v. *Union Nat. Bank*, 145 Ind. 537; *Jones* v. *Schall*, 45 Mich. 380; *Mahon* v. *Ongley Elec. Co.*, 156 N. Y. 196; *Robinson* v. *W. Va. Loan Co.*, 90 Fed. Rep. 770.

High on Receivers, section 11, is cited to show that to warrant the interposition of a court of equity by the aid of a receiver, it is essential that the plaintiff should show, first, either a clear legal right in himself to the property in controversy, or that he has some lien upon it, or that it constitutes a special fund out of which he is entitled to the satisfaction of his demand. And, secondly, it must appear that the possession of the property was obtained by the defendant through fraud, or that the property itself, or the income from it, is in danger of loss from neglect, waste, misconduct or insolvency of the defendant; and to the same effect, Hogg's Eq. Proc., section 734; Barton's Ch. Pr., p. 482, and Daniel's Ch. Pr., volume 2, section 1717, are cited. Under these authorities the plaintiff's bill cannot find support. In the first place, he has not shown a clear legal right to the property in controversy, nor does it appear that he has a lien upon it, or that it constitutes a special fund, out of which he is entitled to the satisfaction of his claim. And, secondly, it is not claimed that the property was obtained by the defendant through fraud, and if there is danger of loss from neglect, waste, misconduct or insolvency of the defendant, this does not mean that any common creditor of the defendant is

entitled to the appointment of a receiver, but one who has first shown a right to charge the property, by lien or otherwise, and when this is shown, if it can be made to appear that there is danger of loss from neglect, waste, misconduct or insolvency of the defendant, a court of equity will interfere and appoint such receiver.

The defendant, Boughner, did not demur to the plaintiff's bill, and for this reason it is claimed that he cannot now raise the question of the want of equity jurisdiction. Where it appears from the bill that equity jurisdiction is wholly wanting, it can be taken advantage of for the first time in this Court. This bill is not only defective, but it appears that equity has no jurisdiction, and this being so, jurisdiction cannot be conferred by failing to demur, and answering. *Cresap* v. *Kemble*, 26 W. Va. 603; *Pollard* v. *Patterson*, *Admr.*, 3 Hen. & M. 67; *Poindexter* v. *Burwell*, 82 Va. 507; *Graveley* v. *Graveley*, 84 Va. 145; *Collins* v. *Sutton*, 94 Va. 127; *Furst* v. *Banks*, 101 Va. 208; *South & W. R. Co.* v. *Comm.*, 51 S. E. (Va.) 824.

It is contended that although the bill cannot be maintained because the plaintiff, Thompson, was not a lien creditor, yet, it being a creditor's bill, the court acquired jurisdiction of the matters involved upon the filing of the petitions of the parties claiming liens upon the estate, and also by the appearance before the commissioner of the parties holding liens at the time of the institution of the suit, named as defendants in the bill. This position is not tenable. When the bill does show an inherent want of equity jurisdiction, its life and existence cannot be extended by the filing of petitions setting up liens, or by appearing before the commissioner and proving liens. It is true that in some cases where lien creditors' suits are brought, and the plaintiff fails, for some reason, to maintain his bill, or desires to dismiss it, that other creditors who have appeared in the cause can continue its prosecution for their benefit, but this does not apply to cases where the court is without jurisdiction to entertain the original bill.

For these reasons, the decree of the circuit court is reversed, and the plaintiff's bill dismissed.

*Reversed. Bill Dismissed.*