CARRIE B. DAWSON, *In her own right and as Executrix of the will of* N. C. DAWSON, *Deceased v.* J. L. DAWSON *et al.*

(CC 644)

Submitted April 30, 1941. Decided May 27, 1941.

*Charles P. Wilhelm* and *J. V. Gibson,* for plaintiff.
*P. J. Crogan* and *Wyckoff & Wyckoff,* for defendants.

RILEY, JUDGE:

The Circuit Court of Preston County certifies its action in overruling the demurrer of the defendant, J. L. Dawson, to plaintiff's bill of complaint and sustaining plaintiff's demurrer to said defendant's answer, in the equity suit of Carrie B. Dawson, in her own right and as executrix of the will of N. C. Dawson, deceased, against J. L. Dawson and others.

Plaintiff seeks to enjoin the prosecution, by defendants, of an appeal to the Circuit Court of Preston County from an order of the county court of said county, entered February 19, 1940, refusing to admit to probate as decedent's last will and testament a paper writing, dated November 3, 1937, claimed by defendant, J. L. Dawson, to have been signed and written wholly in decedent's handwriting. The injunction is sought until the circuit court first determines whether the writing is testamentary, and, second, if so, adjudges it sufficiently plain to enable any "devisee" claiming thereunder to take any claimed "devise."

Because the case involves, in the first instance, an appraisement of the bill of complaint, it is necessary, at the risk of prolixity, to summarize its allegations in detail:

On or about November 6, 1937, N. C. Dawson died, owning real and personal property in Preston County; on or about November 23, 1937, a writing, dated June 3, 1912, was probated as his last will and testament; thereafter the defendants, J. L. Dawson and others, brought a suit in

chancery in the circuit court against the plaintiff herein, in her own right, and others, with process returnable to October Rules, 1938, for the purpose of impeaching the instrument of June 3, 1912, and praying for an issue *devisavit vel non;* on November 10, 1939, a jury found the paper in issue to be the last will and testament, the court entered a decree on the verdict, and the contestants moved in arrest of judgment; on November 27, 1939, a motion was made to set aside the verdict, which motion was overruled; on November 29, 1939, contestant, J. L. Dawson, renewed the motion to set aside the verdict and asked for a new trial upon the ground of after-discovered evidence, "especially upon the ground that since the conclusion of the trial * * * there had been found a true will of the decedent, N. C. Dawson, executed on a date after the will in controversy herein"; on the last-mentioned day, J. L. Dawson presented a writing, bearing date November 3, 1937, to the clerk of the county court for probate, which was refused on the same day, and an appeal (sought to be enjoined by the instant suit) taken to the circuit court; and, on June 13, 1940, said Dawson and the other contestants renewed their motions, made in the suit to impeach the writing of June 3, 1912, in arrest of judgment, to set aside the verdict and to grant a new trial, all of which were overruled by the court. Thus it may be seen that J. L. Dawson's appeal from the order of the county court refusing probate of the writing of November 3, 1937, was had after the order of November 10, 1939, entered upon the jury verdict, and before the court had disposed of the motions in arrest of judgment and to set aside the verdict in the pending equity suit.

The demurrer to the bill, in substance, is to the effect that the writing of November 3, 1937, is testamentary in character, and a codicil to the instrument of June 3, 1912.

The threshold question on this certificate is jurisdictional, and arises under West Virginia Constitution, Article VIII, Section 24, defining the powers of county courts: Does a county court in a probate proceeding have jurisdiction to determine whether a writing presented to it for probate is testamentary in character?

This question, though argued by counsel orally in response to questions addressed to them, was not raised in the petition or briefs. "Lack of jurisdiction may be raised for the first time in this court, when it appears on the face of the bill and proceedings, and it may be taken notice of by this court on its own motion." Pt. 3, Syl., *Charleston Apartments Corp.* v. *Appalachian Electric Power Co.*, 118 W. Va. 694, 192 S. E. 294; *Arnold* v. *Mylius*, 87 W. Va. 727, 105 S. E. 920; *Buskirk* v. *Ragland*, 65 W. Va. 749, 65 S. E. 101; *Thompson* v. *Adams*, 60 W. Va. 463, 55 S. E.. 668. Section 24, under consideration, gives to county courts "* * * jurisdiction in all matters of probate * * *". Incident to this power, we think that a county court has jurisdiction to determine whether a writing presented to it for probate is testamentary in character. This position is amply supported by authority: "On probate or contest, the court may construe the instrument which is offered for probate, for the purpose of determining whether or not it is testamentary in character, and should be admitted to probate as properly executed. The court may construe words which appear below testator's signature, for the purpose of determining whether or not they are testamentary." 2 Anderson's, Page on Wills (1941), 202, Section 639. See also, *Cartwright* v. *Cartwright*, 158 Ark. 278, 250 S. W. 11; *Rogers* v. *Mosier*, 121 Okla. 213, 245 P. 36; *Reeves* v. *White*, 136 Va. 443, 118 S. E. 103; *Baker* v. *Baker*, 51 Ohio St. 217, 37 N. E. 125. Though inoperative, or conditional, or such that a devisee cannot take thereunder, or in violation of the rule against perpetuities, it has been held that an instrument testamentary in character and otherwise valid cannot be refused admission to probate. 2 Anderson's, Page on Wills, 63-64, Section 570, and cases cited in notes 7, 8, 9, 10, 11, and 12. And even where an alleged invalid will has not been presented for probate, it has been held that a court of equity may not enjoin its custodian from offering it for probate. *Israel* v. *Wolf*, 100 Ga. 339, 28 S. E. 109.

Our decision on the immediate point does not involve a departure from the holdings in *Steber* v. *Combs*, 121 W.

Va. 509, Pt. 3, Syl., 5 S. E. (2d) 420, as modified by Pt. 2, Syl., *In re: Estate of T. J. Long, deceased,* 122 W. Va. 473, 10 S. E. (2d) 791, to the effect that county courts may adjudicate those judicial questions specifically enumerated in Article VIII, Section 24, West Virginia Constitution. We simply say here that the jurisdiction to probate a paper writing embraces jurisdiction to determine whether it is testamentary in character, and therefore subject to probate.

Plaintiff takes the position that the Circuit Court of Preston County has jurisdiction in the instant suit in order to avoid a multiplicity of suits. We see no merit in this position. The probate of a paper writing and its later construction in a suit in equity brought for that purpose does not constitute a multiplicity of suits. Equitable jurisdiction to construe a will under Code, 41-3-7, does not withdraw from county courts the powers vested in them under the Constitution.

The question also arises whether J. L. Dawson, after an adverse jury verdict and a decree refusing him the relief sought in the chancery suit to impeach the writing of June 3, 1912, could resort to the county court for the purpose of having the writing of November 3, 1937, admitted to probate: Having prosecuted his equity suit to a jury verdict unsuccessfully, and the trial court having decreed against him in refusing to reopen on the ground of newly discovered evidence, it seems to us that he was not precluded from resorting, as he did, to the forum which, under the Constitution of this state, has "jurisdiction in all matters of probate".

Under the circumstances we are of opinion that the circuit court was without jurisdiction to entertain the instant suit, and that it erred in overruling the demurrer to the bill of complaint.

*Ruling reversed; demurrer to bill of complaint sustained.*