EARL W. COBB

*v.*

ROSE COBB

(No. 11068)

Submitted January 19, 1960.   Decided March 8, 1960.

108

*William L. Jacobs,* for appellant.

*Richard F. Pence,* for appellee.

BROWNING, PRESIDENT:

An appeal and supersedeas was granted by this Court on June 9, 1959, to a decree of the Circuit Court of Wood County of March 6, 1959, declaring void and of no effect two prior decrees of that court, one, entered June 4, 1954, granting a divorce to the plaintiff, Earl W. Cobb, on the ground of cruelty, and the custody of a child born to the marriage between him and the defendant, Rose Cobb, and the other, entered October 18, 1954, amending the decree of June 4, 1954, so as to award custody of the child, with support and maintenance payments of $22.00 weekly to the defendant, on the ground that the Circuit Court of Wood County had no jurisdiction of the "subject matter" in the original suit for divorce. The decree of March 6, 1959, further awarded the custody of the two children, one born subsequent to the divorce decree of June 4, 1954, and required plaintiff to make weekly payments of $30.00 for their support and maintenance.

The facts pertinent to the instant decision will be hereinafter related.

The principle that courts of equity have jurisdiction in suits for divorce only by virtue of the authority conferred upon them by statute is laid down in many decisions of this Court. They are cited in the opinions in the recent cases of *State ex rel. Hammond v. Worrell,* 144 W. Va. 83, 106 S. E. 2d. 521, and *State ex rel. Cecil v. Knapp,* 143 W. Va. 896, 105 S. E. 2d. 569. Code, 48-2-8, insofar as pertinent provides:

> "No suit for divorce shall be maintainable:
>
> "(a) If the cause for divorce is adultery, whether the cause of action arose in or out of this State, unless one of the parties, at the commencement of suit, is a bona fide resident of this State; or
>
> "(b) If the cause for divorce is other than adultery, unless one of the parties was, at the time the cause of action arose, a bona fide resident of this State and has been such a resident for at least one year next preceding the commencement of suit; or * * *."

The grounds for divorce from the bonds of matrimony in this State are enumerated in Code, 48-2-4, as amended, and four of those grounds were alleged in the plaintiff's bill, to wit: adultery, desertion, habitual drunkeness and cruelty. The bill alleged that the defendant deserted the plaintiff on the _____ day of September, 1953, and the suit was brought on February 9, 1954. Code, 48-2-4, as amended, provides that desertion shall be a ground for divorce only after it has continued for a period of at least one year. The allegation as to adultery was to the effect that: "* * * the said defendant at divers and sundry times in the City of Parkersburg and also at Camp Lejeune in North Carolina, within the last three years, has been guilty of adultery with different men the names of whom now to this plaintiff was unknown." There was no evidence adduced by the plaintiff upon this allegation at the hearing, pursuant to a decree of reference, by a Special Commissioner. In his report, the Special Commissioner was of the opinion, and so recommended, that the

charge of cruelty had been established by the evidence and that upon that ground the plaintiff was entitled to a divorce from the defendant, and on June 4, 1954, the Circuit Court of Wood County entered a decree granting a divorce to the plaintiff, upon allegations and proof of jurisdiction, on the ground of cruel and inhuman treatment, as disclosed by the record then before the court.

Subsequently, on October 18, 1954, the court entered an order, agreed to by the plaintiff and the defendant, amending the decree of June 4, 1954, in that custody of the only child of the parties was changed from the plaintiff to the defendant, and the plaintiff was required to pay to the defendant for support and maintenance of herself and the child the sum of twenty-two dollars a week; on November 13, 1957, the defendant filed her petition asking that the plaintiff be adjudged to be the father of a second child born to her on August 10, 1955, and that the plaintiff be required to provide for the support and maintenance of both children; and the plaintiff answered denying that he was the father of the second child, asking for custody of the one child whose paternity was not denied, and that he be relieved from further payments to the defendant. Extensive testimony was taken upon the petition and answer, but neither of the parties questioned the jurisdiction of the court, nor attacked the validity of any of the former decrees.

As heretofore stated, the trial court, of its own motion, upon the facts related in the testimony of the witnesses at this last hearing found that it was without jurisdiction to enter the decree of June 4, 1954, granting the defendant a divorce, or enter the subsequent decree of October 18, 1954.

In a long line of decisions, this Court has established the rule that it will ex mero motu take notice of lack of jurisdiction of a trial court if such is apparent upon the record before this Court. *State ex rel. Hammond v. Worrell,* 144 W. Va. 83, 106 S. E. 2d. 521; *Backus*

*v. Abbot, Assessor,* 136 W. Va. 891, 69 S. E. 2d. 48; *Grottendick v. Webber,* 134 W. Va. 798, 61 S. E. 2d. 854; *Blosser v. State Compensation Commissioner,* 132 W. Va. 112, 51 S. E. 2d. 71; *Whited v. State Compensation Commissioner,* 131 W. Va. 646, 49 S. E. 2d. 838; *Gapp v. Gapp,* 126 W. Va. 874, 30 S. E. 2d. 530; *Morris v. Gates,* 124 W. Va. 275, 20 S. E. 2d. 118; *Dawson v. Dawson,* 123 W. Va. 380, 15 S. E. 2d. 156; *Charleston Apartments Corporation v. Appalachian Electric Power Company,* 118 W. Va. 694, 192 S. E. 294; *Arnold v. Mylius,* 87 W. Va. 727, 105 S. E. 920; *Buskirk v. Ragland,* 65 W. Va. 749, 65 S. E. 101; *Thompson v. Adams,* 60 W. Va. 463, 55 S. E. 668; *Gall v. Tygart's Valley Bank,* 50 W. Va. 597, 40 S. E. 390. The 3rd Syllabus Point in *Charleston Apartments Corporation v. Appalachian Electric Power Company,* 118 W. Va. 694, 192 S. E. 294, reads as follows: "Lack of jurisdiction may be raised for the first time in this court, when it appears on the face of the bill and proceedings, and it may be taken notice of by this court on its own motion."

In several cases this Court has reviewed upon appeal or writ of error the action of a trial court in holding, at some point in the proceeding, it was without jurisdiction to determine the matters in issue although the jurisdiction of the trial court had not been attacked by a plea in abatement. *McKinley v. Queen,* 125 W. Va. 619, 25 S. E. 2d. 763; *Charlotton v. Gordon,* 120 W. Va. 615, 200 S. E. 740; *Cresap v. Kemble,* 26 W. Va. 603.

In the opinion in the *Charlotton* case is this pertinent comment: "* * * Was a jurisdictional question thus raised? Want of jurisdiction of subject matter need not be raised in any particular manner. But when there arises in a case disclosure of want of jurisdiction, the case will be dismissed.* * *"

In the opinion in the *McKinley* case is this statement: "* * * Having in mind the limited time for filing a plea in abatement, an instance may occur wherein it is disclosed that a court is devoid of jurisdiction but

such disclosure comes too late for a litigant to avail himself of the plea. We ask: Will a court be required to pronounce a final decree or render a final judgment which is undoubtedly void? We think not. Lack of jurisdiction of the subject matter may be raised in any appropriate manner, * * *; and at any time during the pendency of the suit or action. * * *. We conclude that the trial court's jurisdiction was legally and timely challenged.''

It is only by virtue of a statute that the trial court would have had authority to enter any further decree in this suit five years subsequent to the ''final'' decree of June 4, 1954. That term of the Circuit Court of Wood County ended without any further action being taken in the suit, and the eight months for appeal to this Court passed without an attempt by either party to have the trial court's decree reviewed.

By virtue of the ''continuing jurisdiction'' provision of Code, 48-2-15, as amended, the trial court had the authority to consider the petition and answer filed herein, and to take testimony thereon. The statutory provision follows: ''Upon decreeing a divorce, the court may make such further decree as it shall deem expedient, concerning the maintenance of the parties, or either of them; and upon decreeing the annulment of a marriage, or a divorce, the court may make such further decree as it shall deem expedient, concerning the care, custody, education and maintenance of the minor children, and may determine with which of the parents or other proper person or persons the children or any of them, may remain; and the court, or the judge thereof in vacation, may, from time to time afterward, on the petition of either of the parties, revise or alter such decree concerning the maintenance of the parties, or either of them, and make a new decree concerning the same, as the altered circumstances or needs of the parties may render necessary to meet the ends of justice; and the court, or the judge thereof in vacation, may also from time to time afterward, on the petition of either of the parties, revise or alter

such decree concerning the care, custody, education and maintenance of the children, and make a new decree concerning the same, as the circumstances of the parents or other proper person or persons and the benefit of the children may require. In any case where the divorce is denied, if the parties are living separate and apart from each other, the court shall retain jurisdiction of the case for the purpose of determining with which of the parents or other proper person or persons the children or any of them may remain and of making such order or decree concerning the care, custody, education and maintenance of the minor children, or any of them, as to the court, or judge thereof in vacation, may seem proper and the benefit of the child or children may require; and such order or decree may, from time to time afterward, on petition of either of the parties, be revised or altered, and a new order or decree made, as the circumstances of the parties or the needs of the children may require. * * *''

It was upon the hearing regarding the support which the defendant sought for both of the children and the contest as to the paternity of one of the children that the evidence was adduced to the effect that neither of the parties had been a resident of Wood County for one year prior to the date the divorce suit was brought. There is some conflict upon the question, the plaintiff insisting in a general way that he thought he had been a resident of the county for one year, but he offered no proof in corroboration which should have been easily available if his statements were true. The proof was sufficient to support the finding of the trial court that neither party to the suit had been a resident of Wood County for the statutory period prior to the bringing of the suit. Since the trial court had no jurisdiction to enter a decree of divorce on any ground alleged in the bill, except adultery, if neither party had been a resident of that county for a period of one year prior to the bringing of the suit, we hold that it had ''jurisdiction'' to set aside as void and of no effect its decrees of June 4 and October 18, 1954. ''* * * A

void judgment, being a nullity, may be attacked, collaterally or directly, at any time and in any court whenever any claim or right is asserted under such judgment. * * *'' *State ex rel. Cecil v. Knapp,* 143 W. Va. 896, 105 S. E. 2d. 569, and many decisions of this Court to the same effect which are cited in the opinion of that case.

The decisions of this Court, heretofore cited and quoted from in this opinion are, we believe, precedents for the decision in the instant case. It is true that in the bill there was an allegation of adultery, and no particular period of residency is necessary to secure a divorce upon that ground. However, there was no proof in support of this allegation and the divorce was not granted on that ground. No plaintiff in a divorce suit can be permitted to make a mockery of the divorce laws of this State by making a false allegation of adultery in a bill along with other allegations which might be true and which could be proved in order to circumvent the residency provisions of the statutes of this State relating to divorce, and defeat the whole public policy of this State regarding the marital status and the manner in which it may be dissolved. See *Blankenship v. Blankenship,* 125 Va. 595, 100 S. E. 538. This plaintiff could not by such practice ''confer'' jurisdiction upon the trial court to enter a valid divorce decree upon a ground other than adultery. *Thompson v. Whittaker Iron Co.,* 41 W. Va. 574, 23 S. E. 795; *Laidley v. Laidley,* 25 W. Va. 525; *Jones v. Bradshaw, et al.,* 16 Gratt. 355.

In the final decree of March 6, 1959, after setting aside the decrees of June 4 and October 18, 1954, upon the ground that the trial court was without jurisdiction to enter such decrees, which action we affirm, the order proceeded to make certain other findings, and its action in that regard must be reversed. The court therein found the plaintiff to be the father of the second child born to the parties nine months and eighteen days after the original divorce decree was entered, gave custody of both of the children to the defendant and ordered

that the plaintiff pay to the defendant thirty dollars a week for the support and maintenance of the children.

The "continuing jurisdiction" provisions of Code, 48-2-15, as amended, are predicated upon the court having judisdiction in the first instance of the divorce suit between the parties. When the trial court found that it had no jurisdiction to entertain the divorce suit, it follows that it had no "continuing jurisdiction" to take any further action in the case under the provisions of Code, 48-2-15, as amended. The trial court had jurisdiction for one purpose only and that was to dismiss the suit. *Freer v. Davis, et al.,* 52 W. Va. 1, 43 S. E. 164; *Farmers' Bank v. Montgomery,* 11 W. Va. 169. See also *State ex rel. Warren v. Roberts, Judge, etc.,* 144 W. Va. 741, 110 S. E. 2d. 909; *Harloe v. Harloe,* 129 W. Va. 1, 38 S. E. 2d. 362.

The final decree of the Circuit Court of Wood County finding that it was without jurisdiction of the divorce suit, and holding invalid its decrees of June 4 and October 18, 1954, is affirmed. The decree is reversed insofar as it attempts to award custody of the children to the defendant and to require the plaintiff to make weekly payments for their support.

*Affirmed in part;*
*reversed in part.*