# CHARLESTON

CHESAPEAKE AND OHIO RAILWAY COMPANY v. ROGERS, JUSTICE,
*et al.*

Submitted January 27, 1915.   Decided January 27, 1915.

1. COMMERCE—*Interstate Shipment—Demurrage—Jurisdiction of State
   Court.*

   Though a state court has no jurisdiction to affect a filed and
   published rate for demurrage on an interstate shipment, it may in
   a proper action find that such rate was charged for a greater length
   of time than that to which it was truthfully applicable and give
   judgment for the amount so overpaid. (p. 557).

2. PROHIBITION—*Grounds—Determination of Fact.*

   Prohibition does not lie as against an erroneous determination of
   fact, where the court has power to hear and determine in the
   premises. (p. 558).

Original petition for writ of prohibition by the Chesapeake
& Ohio Railway Company against T. C. Rogers, Justice, and
another.

*Writ refused.*

*Enslow, Fitzpatrick, Alderson & Baker* and *Samuel Biern,*
for petitioner.

*M. P. Wiswell,* for respondent.

ROBINSON, PRESIDENT:

The Chesapeake and Ohio Railway Company made a charge
for demurrage on a car of hay shipped from Newark, Ohio,
to the Saunders-Weider Company at Huntington. The charge
made was based on the published rates of the railway com-
pany, filed with the Interstate Commerce Commission pur-
suant to the acts of Congress in that behalf. The rate so
published and established was one dollar per day. The rail-
way company, applying that rate to the number of days which
it claimed the car had been left on its tracks, exacted from
the Saunders-Weider Company the sum of nineteen dollars.
The same was paid by the latter company under protest, so

that possession could be taken of the contents of the car. Later, the Saunders-Weider Company, claiming that it was responsible for only nine days of delay in unloading the car, instituted before a justice of the peace of Cabell county its action for the recovery of ten dollars from the railway company, as an amount of overcharge. A plea denying jurisdiction of the justice was overruled. Upon the trial, the justice, finding that nine days instead of nineteen was the proper basis for the application of the one dollar per day rate, rendered judgment for the plaintiff against the defendant for ten dollars. Thereupon, the railway company obtained, in the vacation of this court, from a judge thereof, a rule requiring the justice and the plaintiff in the action to appear and show cause why the writ of prohibition should not issue, stopping further proceedings in the action. The respondents have made return, and the case has been duly submitted for decision.

The petitioner maintains that the justice is wholly without jurisdiction in the premises. It insists that the Interstate Commerce Commission must first pass on the matter and declare the charge to be too much before the plaintiff in the action can resort to a state court to recover back the amount overpaid. *Robinson* v. *Baltimore and Ohio Railroad Company,* 64 W. Va. 406, and other cases, are relied on.

That a rate filed and published by a railway company pursuant to the acts of Congress must stand as the legal rate until the Interstate Commerce Commission declares it unresonable, and that a state court has no jurisdiction in any action to determine that such rate is unreasonable, is undoubtedly established by the cases cited by the petitioner. But in the case before us the justice has not undertaken to determine that the rate is unreasonable. That rate he has respected as a legally established one. He has however found that such legal rate was applied to a greater number of days than the number for which the Saunders-Weider Company should be responsible. The question before him in the action was not as to the reasonableness of the rate, but as to the number of days for which the rate, accepted as a legal and reasonable one, should be charged. That he had jurisdiction to determine such a question, we have no doubt.

The acts of Congress in relation to commerce do not inhibit him from the determination of such an ordinary question of common right as between litigants. They vest in the Interstate Commerce Commission the jurisdiction to say whether the rate is reasonable or unreasonable, but they do not take from a state court power to determine a fact having nothing to do with the reasonableness or unreasonableness of the rate. Whether the railway company applied the rate untruthfully to a number of days when the car was not subject to demurrage, was the litigable question in the action. The action did not affect the rate, nor in any way infringe on the jurisdiction of the Interstate Commerce Commission in regard to it. Let us suppose a railway company charges one the regular rate per car for ten cars when it only hauled nine, must he go to the Interstate Commerce Commission to settle the question as to whether there were ten cars or nine cars? Is a state court by the interstate commerce laws deprived of jurisdiction to determine the fact whether a railway company has actually rendered to one all the service it claims to have rendered? We know of no provision which transfers from a state court to the Interstate Commerce Commission such everyday litigable facts.

The justice may have erred in his finding as to the number of days for which the demurrage should be charged. But he had jurisdiction to hear and determine the fact, rightly or wrongly. Prohibition does not lie as against an erroneous determination of facts, where the court has power to hear and determine in the premises.

We are of opinion to discharge the rule and to deny the writ sought.

*Writ refused.*