# CHARLESTON.

ROXIE HALSTEAD v. NEW RIVER COLLIERIES CO.

Submitted February 13, 1918.    Decided February 26, 1918.

1. APPEAL AND ERROR—*Agreed Statement of Facts—Issue or Joinder.*
   A judgment rendered on an agreed statement of facts, in an appeal from the judgment of a justice, in a case in which no issue was formally made, will not be reversed for want of an issue or joinder therein.  (p. 759).

2. STIPULATION—*Breach—Right of Action.*
   An agreement made by the vendee of standing timber and the vendors thereof, rival claimants of the title to the land on which the timber stands, while a suit between such claimants, for determination of the title, is pending, and providing for a deposit of money equal to the contract price of the timber, in a bank, by the vendee, "To be held by the said Bank as a stakeholder, and to be paid over by said Bank to the person finally determined to be the owner of said disputed tract, by the decision of the courts of West Virginia," contemplates the right of appeal in either of the litigating parties, and withdrawal of the fund by the depositor, in reliance upon the decision of the trial court and payment thereof to the party prevailing therein, before the right of appeal has expired, amount to a breach of the contract for which he may be required to respond in damages.  (p. 759).

Error to Circuit Court, Raleigh County.

Action by Roxie Halstead against the New River Collieries Company.  Judgment for plaintiff on appeal from a judgment of a justice, and defendants bring error.

*Affirmed.*

*McGinnis & Hatcher,* for plaintiff in error.
*Bumgardner & Preston,* for defendant in error.

POFFENBARGER, PRESIDENT:

The judgment complained of was rendered on an appeal from a judgment of a justice, and on an agreed statement of facts.

Failure of the record to show a joinder of issue is no cause for reversal of a judgment rendered in a civil action commenced in a justice's court, even when the services of a

jury are required. *Security Bank Note Co.* v. *Shrader,* 70 W. Va. 475; *Simpkins* v. *White,* 43 W. Va. 125. Nothing in a submission on an agreed statement of facts could possibly require more formality than obtains in a jury trial. It is. unlikely that the court misapprehended the issue.

Plaintiff's demand was for $197.11 deposited in a bank as. a stakeholder, to await determination of litigation over the title to a small tract of land, between Mrs. Halstead and. Mrs. Aliff. The defendant in this case had bought the timber· on each of two adjacent tracts of land owned respectively by these two women, and the fund deposited was the stump-. age of the timber on the disputed area, at the price agreed upon with Mrs. Halstead, $5.00 per 1000 feet. The decree in the lower court was in favor of Mrs. Aliff. About ten days. after it was pronounced, she took a certified copy of it to. the bank and demanded payment of the amount she claimed for the timber, $158.14, she having sold at the rate of $4.00· per 1000 feet. Having been informed by the bank that a check from the depositor would be required, she applied to. the defendant here for payment and the deposit was transferred from the savings department of the bank to the· cashier's account of the defendant and it gave her a check. for the amount of her claim. Near the date of this transaction, Mrs. Halstead filed her petition for an appeal which, was granted several months later. Having procured a re-. versal of the decree and an adjudication in her favor, *Halstead* v. *Aliff,* 78 W. Va. 480, she brought this action against the depositor, the New River Collieries Company, and ob-. tained the judgment complained of.

Her judgment stands upon an impregnable basis. The· money was withdrawn from the bank and paid to the rival claimant, in plain violation of the agreement under which, the timber was cut and the fund deposited. The agreement was that it was "To be held by the said Bank as stakeholder,. and to be paid over by said Bank to the person finally de-. termined to be the owner of said disputed tract, by the decision of the courts of West Virginia." Of course, the decree of the trial court was a final one in the legal sense of the term, and a stranger might safely have acted upon it.

But there was a written agreement among these parties, governing the right to the deposited fund and obviously contemplating and providing for the holding thereof until complete determination of the controversy. They used the words "finally determined" in their popular sense, for they defined the character of the final determination. Their words negative any presumption of intent to acquiesce in the decree of the trial court, by their specification of the means of determination, "the decision of the courts of West Virginia." They are all presumed to have had knowledge of the right of appeal and the limitation thereon, and the agreement literally includes this right as well as that of litigation in the trial court.

As the action originated in a justice's court, where the pleadings are informal, no question of the sufficiency of pleadings arises, but proper disposition of the assignment of error seems to require indication of the ground of liability. Obviously, the defendant broke its agreement to allow the money to remain in the hands of the bank, to the injury and detriment of the plaintiff, and the measure of the damages is the amount of money such action deprived her of. The defendant was a formal party to, and a beneficiary of, that agreement. By means thereof, it obtained the timber. The bank's assent to the wrongful withdrawal and disposition of the deposit does not absolve the defendant from liability. It virtually took the money back into its own hands and disposed of it, in violation of the agreement, leaving the plaintiff in about the same situation as if it had failed to make the deposit. Whether there is right of recovery as for money had and received, under the circumstances, we deem it unnecessary to inquire.

The judgment is well founded and will be affirmed.

*Affirmed.*