# CHARLESTON.

Taylor v. Stevenson, Justice, *et als.*

Submitted October 1, 1918.　Decided October 8, 1918.

1. Prohibition—*When Awarded* .

    A writ of prohibition will not be awarded to correct mere errors of law and fact in the judgment of a justice of the peace. (p. 678).

2. Justices of the Peace—*Jurisdiction*—"*Damages for a Wrong.*"

    By Sections 29 and 49, Chapter 50 of the Code, but one form of action is prescribed for justices of the peace, a civil action for money due on contract, or for damages for a wrong; and "damages for a wrong" are equivalent to the words "money due on contract." (p. 678).

3. Same—*Summons of Complaint.—Variance.*

    The summons in this case was to answer for "money due on contract", and the complaint made and noted in the justice's docket was for damages for breach of contract for carriage. There was no defect in the summons or variance between the summons and complaint showing want of jurisdiction. (p. 678).

4. Same—*Prohibition—Record—Joinder of Issue.*

    The fact that the record of the justice shows no formal joinder of issue or entry of plea where the parties have appeared and trial was had constitutes no reversible error, much less good ground for a writ of prohibition based on alleged want of jurisdiction. (p. 678).

Error to Circuit Court, Mingo County.

Application by Albert Taylor for writ of prohibition against C. E. Stevenson, Justice, and others. Writ granted, and T. B. Smith brings error.

> *Reversed, and rule discharged.*

*Thomas West,* for plaintiff in error.

Miller, Judge:

The defendant, T. B. Smith, complains of the judgment below prohibiting him and C. E. Stephenson, Justice, P. K. Porter, Constable, from proceeding further in an action instituted by him as plaintiff against the said Taylor as defendant, pending before the said justice, in which, on July

23, 1917, judgment was rendered by said justice in his favor against the said Taylor, for the sum. of $14.00, and $14.25 costs, and wherein execution had been issued and was then in the hands of said constable, and also from further proceedings to collect said judgment.

Defendant in error has not appeared in this court in person or by counsel to defend the present writ. But according to the petition presented to and rule in prohibition awarded by the circuit court thereon, the grounds relied on were, first, want of formality in the justice's summons, which was to answer for money due on contract, when it should have been for the recovery of damages for a wrong; second, that the pleadings before the notice were not properly made up, and that there was no complaint filed before the justice; and third, that the evidence was not sufficient to warrant the judgment.

It is too well settled to call for citation of authorities that a writ of prohibition cannot be allowed to usurp the functions of a writ of error or appeal, such writ is purely jurisdictional, and will not be awarded to correct mere errors of law committed by a court having jurisdiction of the parties and the subject matter of the suit or proceedings. *Kennedy* v. *Holt*, 67 W. Va. 118.

The first question presented is, is the summons sufficient to confer jurisdiction? The fact that it summoned the defendant to answer for money due on contract did not render it informal, defective or void. Section 26, Chapter 50 of the Code, prescribing the form of summons permits either form of action, one for money due on contract, or one for damages for a wrong, and the plaintiff may have the form that best suits his cause of action. And as was said in *O'Connor* v. *Dils*, 43 W. Va. 54, Section 49 of said Chapter 50, abolishes forms in justices' courts. And by Section 26, but the one form of action is prescribed, namely, a civil action for the recovery of money due on contract, or for damages for a wrong, as the case may be. The case cited also holds that, "The words 'damages for a wrong' are in substance, according to their legal definition, equivalent to the words, 'money due on contract'; the former phrase being broader than and

including the latter according to ordinary legal phraseology and meaning.''

The purpose of the summons of a justice is to bring the defendant into court. The pleadings or complaint may be oral or in writing, and when oral the substance is to be entered by the justice on his docket. The entry of the justice, as shown by his transcript filed with the petition in this case, is, ''Trial was then had. The plaintiff filed a memorandum of damages, and by oral testimony stated that the damages claimed on contract was due to loss sustained to a stove delivered to defendant to haul to Garland Smith, his customer.'' Evidently the plaintiff relied on his contract of carriage, and damages for a breach thereof by defendant, a common carrier. All this shows no lack of jurisdiction of the justice, or abuse of his authority to pronounce judgment in the action.

Nor does the fact that the record before the justice shows, no formal joinder of issue or entry of plea by defendant constitute good ground for reversal on writ of error, and much less a good ground for a writ of prohibition for supposed want of jurisdiction. *Halstead* v. *New River Collieries Co.*, 81 W. Va. 758, 95 S. E. 208; *Security Bank Note Co.* v. *Schrader*, 70 W. Va. 475; *Simpkins* v. *White*, 43 W. Va. 126.

In conclusion it is hardly necessary to say or repeat that prohibition does not lie for mere error of judgment by the justice in deciding upon the law and facts at the trial. Having had power to hear and give judgment on the law and facts, his judgment is conclusive until reversed on appeal or writ of error. *Ward* v. *Evans*, 49 W. Va. 184; *C. & O. Ry. Co.* v. *Rogers*, 75 W. Va. 556, 95 S. E. 208.

We therefore reverse the judgment below, discharge the rule and award costs to plaintiff in error here and in the circuit court.

*Reversed, and rule discharged.*