# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-1182** (McDowell County, 05-F-181)

**Fred S. Jr.,**
**Defendant Below, Petitioner**

**FILED**

December 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Fred S. Jr., by counsel Matthew Brummond, appeals his conviction on five counts of third degree sexual assault, five counts of third degree sexual abuse, and five counts of sexual abuse by a custodian. Respondent State of West Virginia, by counsel Marland L. Turner, has filed a response to the present appeal.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 2005, petitioner, Fred S. Jr., was indicted by a grand jury in McDowell County, West Virginia, on a fifteen-count charge - five counts each - of third degree sexual assault, third degree sexual abuse, and sexual abuse by a custodian. The victim was petitioner's fourteen-year-old step-daughter. A jury trial was conducted on September 15, 2007, and petitioner was found guilty on each charge listed in the indictment. Petitioner was sentenced to the West Virginia Penitentiary by final sentencing order entered January 31, 2007.

Petitioner sets forth one assignment of error: that he is entitled to a new trial because the trial court did not instruct the jury to only consider conduct occurring within the State of West Virginia when determining petitioner's guilt. Petitioner argues that without such an instruction the jury based some of its verdict on evidence presented by the State, pursuant to Rule 404(b) of the Rules of Evidence, of a charge, in North Carolina, of sexual abuse of a different step-daughter from a previous marriage, as well as an uncharged incident of abuse of this victim in North Carolina. Petitioner asserts that the territoriality of his charge is a material allegation that the State must prove beyond a reasonable doubt, and that the trial court lacked the requisite territorial jurisdiction.[1]

"'Under the Constitution and laws of this state, a crime can be prosecuted and punished only in the state and county where the alleged offense was committed.' Syl. Pt. 2, *State v. McAllister,* 65 W.Va. 97, 63 S.E. 758 (1909)." Syl. Pt. 1, *State v. Dennis,* 216 W.Va. 331, 334, 607 S.E.2d 437, 440 (2004). The

---

[1] Petitioner correctly asserts that a lack of jurisdiction can be raised for the first time in this Court. *See* Syl. Pt. 3, *Charleston Apartments Corp. v. Appalachian Elec. Power Co.,* 118 W.Va. 694, 192 S.E. 294 (1937).

1

holding in *Dennis* was limited to continuous offenses committed in separate states. *Id*. at 347-48, 607 S.E.2d at 453-54. Here, petitioner abused the victim in North Carolina and West Virginia but these instances were not part of one continuous crime. Rather, the indictment charged fifteen separate and distinct occurrences of sexual assault or abuse and specifically charged that each occurred in McDowell County. *Dennis* is inapplicable to these facts.

Petitioner further argues that the jury should have been instructed to find that all crimes took place in West Virginia, and not North Carolina. "As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion." Syl. Pt. 1, in part, *State v. Hinkle,* 200 W.Va. 280, 281, 489 S.E.2d 257, 258 1996). Furthermore,

> "[a] trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not mislead by the law."

Syl. Pt. 4, *State v. Guthrie,* 194 W.Va. 657, 663-64, 461 S.E.2d 163, 169-70 (1995).

During the trial, the State presented evidence of the undisputed location of the crimes, and the victim testified as to the time frame and location of each sexual act with which petitioner was charged. Evidence from other witnesses corroborated the timing and location to which she testified. Importantly, the time frame set forth in the indictment was limited to a period that petitioner had access to the victim in the State of West Virginia. Through testimony, the victim made it explicitly clear that there was only one instance of sexual abuse that took place in North Carolina and every other instance took place in West Virginia. The State made the jury aware that the North Carolina incident was not included in the indictment, and the trial court judge also stated that the evidence and allegations pertained only to the West Virginia charges.

Furthermore, the court clearly limited the purpose at the North Carolina charge. The judge cautioned the jury

> Ladies and Gentlemen of the Jury, you've heard during the course of that interview . . . that the Defendant had been on probation for a prior offense in . . . the State of North Carolina in the nature of this case that's against him here; so, I want to instruct you, give you a cautionary instruction, as it relates to that particular thing; so please pay close attention.

> Ladies and Gentlemen of the Jury, other crimes, wrongs or acts, evidence of other crimes . . . is not admissible to prove the character of a person in order to show that he or she acted in conformity therein. It may not ever be admissible in this case and which the State has indicated to the Court it's using this evidence for is to show motive, opportunity and intent, and your consideration is only limited to those things only and nothing else as far as that evidence is concerned.

A reasonable juror would have clearly understood this instruction and would not have been influenced, or misled by petitioner's prior conduct in North Carolina. Even if petitioner was correct in his assignment of error, the argument would fail because the error was ultimately harmless. "[W]e have stated that the appropriate test for harmlessness articulated by this Court is whether we can say with fair

assurance, after stripping the erroneous evidence from the whole, that the remaining evidence was independently sufficient to support the verdict and the jury was not substantially swayed by the error." *Guthrie,* 194 W.Va. at 684, 461 S.E.2d at 190 (1995). The jury would have come to the same conclusion even if the trial court had included an instruction that specifically instructed the jury to disregard the one instance of sexual abuse that took place in North Carolina. The fact of the matter is that the most heinous crimes petitioner was charged with all took place in McDowell County, West Virginia. Therefore, the trial court did not abuse its discretion in omitting the jury instruction.

For the foregoing reasons, we affirm the Circuit Court of McDowell County's conviction and final sentencing order enter on January 31, 2007.

Affirmed.

**ISSUED:** December 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II