# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**West Virginia Division of Highways,**
**Defendant Below, Petitioner**

**vs.) No. 17-0430** (Marshall County 15-P-16)

**Shirley Mason,**
**Plaintiff Below, Respondent**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner West Virginia Division of Highways, by counsel James C. Stebbins and Joseph L. Jenkins, appeals the Circuit Court of Marshall County's April 4, 2017, judgment order enjoining petitioner from removing certain hedges and a tree. Respondent Shirley Mason, by counsel John E. Artimez Jr., filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in (1) finding that respondent had standing because she does not own or have a legal interest in the property at issue, (2) finding that petitioner waived its right to remove certain hedges and a tree, and (3) finding that the state of the hedges and tree at the time of the bench trial did not limit the stopping sight distance.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, we find that the circuit court erred with respect to finding that respondent had a legal interest in the proceedings as a third-party beneficiary and that petitioner waived its right to remove the hedges and tree. For these reasons, a memorandum decision reversing the circuit court's April 4, 2017, order is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

On March 15, 2015, respondent filed a complaint for injunctive relief seeking to enjoin petitioner from removing the hedges and tree between her home and Kansas Ridge Road, a State right-of-way maintained by petitioner. On August 9, 2016, petitioner filed a motion to dismiss. Its grounds for dismissal were (1) failure by respondent to prosecute; (2) procedural defects including insufficient process, insufficient service of process, and lack of subject matter jurisdiction; and (3) lack of merit to respondent's complaint. Thereafter, on September 19, 2016, respondent filed a memorandum in opposition to petitioner's motion to dismiss. The circuit court did not rule on petitioner's motion to dismiss.

On March 23, 2017, the circuit court held a bench trial. According to the evidence presented at the bench trial, respondent owned and lived in a house adjacent to Kansas Ridge Road, a road in Marshall County, West Virginia. The road is a State right-of-way and maintained by petitioner on behalf of the public. According to petitioner's expert witness, the paved portion

of the road is approximately eleven feet in width, making it effectively a one-lane road. The speed on the road is fifty-five miles per hour, but there is an advisory speed limit of fifteen miles per hour. According to petitioner, people tend to travel faster than the advisory speed limit in this area.

Petitioner's expert also testified that the row of hedges in question is approximately 160-170 feet long and located in a curve in a paved portion of Kansas Ridge Road. Although it was believed that the hedges and tree were located on respondent's property, on the day of the bench trial it was determined that the hedges and tree were not located on respondent's property, but on adjoining property owned by someone other than respondent, within the State right-of-way.

According to the record, beginning in 2010, petitioner became aware of several complaints that the hedges and tree limited the stopping sight distance around the curve on Kansas Ridge Road. In 2011, a crash occurred where the drivers cited the hedges as contributing to the crash, and the responding officer concurred with the drivers' observations. Petitioner's expert witness at the bench trial explained that "stopping sight distance is the distance that a driver recognizes an object in the roadway and reacts to stop that vehicle before striking the object." According to the expert witness, on a one-lane road, the stopping sight distance is doubled to allow each vehicle traveling towards each other sufficient distance to stop before they hit each other.

Prior to the initiation of the proceedings, petitioner corresponded and attempted to work with respondent, and the parties agreed that petitioner would allow the hedges and tree to remain as long as respondent kept them trimmed. Respondent failed to keep the hedges and tree trimmed accordingly. Due to this failure, petitioner had to trim them to ensure proper safe stopping sight distance.

In letters dated April 30, 2012, June 19, 2014, and September 18, 2014, petitioner notified respondent that she needed to remove the hedges and tree. Petitioner informed respondent that if she failed to comply, the hedges and tree may be removed at respondent's expense. Respondent failed to comply and her complaint to enjoin petitioner from removing the hedges and tree followed. On the day of the bench trial, petitioner measured the stopping sight distance near the hedges and tree to be 200 feet. According to petitioner's expert testimony, the safe stopping sight distance in the area in question should be 230 feet. Drawings and a video of the roadway and hedges and tree at issue were admitted into evidence.

In its judgment order, the circuit court held that (1) petitioner waived its right to raise any procedural defects; (2) respondent was not the owner of the real property wherein the hedges and tree are situated, but that she was a third-party beneficiary of the benefits provided by the hedges and tree; (3) the hedges and tree are technically obstructions, as defined by the West Virginia Code § 17-16-1, but that they do not physically or visibly obstruct the public traveling by automobile when trimmed and maintained appropriately; (4) according to written correspondence from petitioner to respondent, trimming the subject hedges and/or tree was an acceptable method to allow drivers to see oncoming traffic along the roadway; (5) petitioner waived its right to remove the hedges and tree based upon its correspondence with respondent; and (6) petitioner was relieved of any duty to remove the hedges and/or tree, although any liability for injuries or damages caused by the growth of the hedges and/or tree would be borne by respondent. The circuit court ordered that the hedges and tree may remain so long as they are

2

maintained in state and size as presented by way of video evidence at the bench trial. It is from the April 4, 2017, judgment order that petitioner appeals.

The Court has previously established the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1*, Pub. Citizen, Inc. v. First Nat. Bank in Fairmont,* 198 W.Va. 329, 480 S.E.2d 538 (1996).

First, petitioner argues that the circuit court erred in finding that respondent had standing to enjoin petitioner from removing the hedges and tree because she does not own or have a legal interest in the hedges and tree. Specifically, petitioner argues that respondent failed to meet the first element of standing: injury-in-fact.

> Standing is comprised of three elements: First, the party attempting to establish standing must have suffered an "injury-in-fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct forming the basis of the lawsuit. Third, it must be likely that the injury will be redressed through a favorable decision of the court.

Syl. Pt. 5*, Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W.Va. 80, 576 S.E.2d 807 (2002).

Here, we find that respondent lacks standing as the record fails to establish that respondent had a legal interest in the hedges and tree. The evidence at trial established that the hedges and tree are located in the State right-of-way on adjacent property owned by someone other than respondent. Because respondent does not own or have a legal interest in the hedges and tree, and therefore, no "injury-in-fact," she does not have standing to enjoin petitioner's actions to remove the hedges and tree. *See Butler v. Price*, 212 W.Va. 450, 454, 574 S.E.2d 782, 786 (2002) (holding appellant lacked standing because he did not have an ownership interest in the property in question). Based on this evidence, we find that the circuit court abused its discretion in permitting her to proceed without standing. [1]

---

[1]Despite finding that respondent did not own the land in question, the circuit court found respondent was a third-party beneficiary to the hedges and tree. However, no evidence was introduced at the bench trial regarding what benefits, if any, respondent received from the hedges and tree. Respondent fails to address petitioner's argument regarding the alleged benefits of the hedges and tree in her response, and the only references to the alleged benefits in the record

(continued . . .)

3

Further, respondent argues that petitioner is estopped from raising respondent's lack of standing on appeal because petitioner failed to raise the issue in its motion to dismiss. However, respondent fails to acknowledge that, according to the record, the parties first discovered that respondent did not own the property in question on the day of the bench trial. Moreover, we have held that "[l]ack of jurisdiction may be raised for the first time in this court, when it appears on the face of the bill and proceedings, and it may be taken notice of by this court on its own motion." Syl. Pt. 3, *Charleston Apartments Corp. v. Appalachian Elec. Power Co.*, 118 W.Va. 694, 192 S.E. 294 (1937). Therefore, we find petitioner appropriately raised the standing issue on appeal.

Next, petitioner argues that the circuit court erred in finding that it waived its right to remove the hedges and tree, and we agree. We have held that

> to establish waiver there must be evidence demonstrating that a party has intentionally relinquished a known right. ("'Waiver is the voluntary relinquishment of a known right.'") This intentional relinquishment, or waiver, may be expressed or implied. ("Waiver may be established by express conduct or impliedly, through inconsistent actions.") However, where the alleged waiver is implied, there must be clear and convincing evidence of the party's intent to relinquish the known right. ("'A waiver of legal rights will not be implied except upon clear and unmistakable proof of an intention to waive such rights.'")

*Potesta v. U.S. Fid. & Guar. Co.*, 202 W.Va. 308, 315, 504 S.E.2d 135, 142 (1998) (citations omitted).

Based upon a review of the record, we find no evidence that petitioner intended to relinquish its right to remove the hedges and tree. In fact, we find that petitioner clearly intended to exercise its right. The correspondence from petitioner to respondent indicates that petitioner initially informed respondent that the hedges needed to be trimmed, and when respondent failed to keep them trimmed, petitioner repeatedly informed respondent of her responsibility to remove the hedges and tree in multiple letters in 2012 and 2014. Furthermore, the circuit court indeed found the hedges and tree to be an obstruction, and, according to the record, respondent

---

come from respondent's complaint and her response in opposition to petitioner's motion to dismiss wherein she asserted that the hedges and tree prevented cars and trucks from driving into her yard and protected her property from dust from the road. We find that this is insufficient to confer standing to proceed below. Traditionally, this Court has recognized third-party beneficiaries in the context of contracts where such contract was created for the third-party's sole benefit. "'This Court has held that in order for a contract concerning a third party to give rise to an independent cause of action in the third party, it must have been made for the third party's sole benefit.' *Woodford v. Glenville State College Hous. Corp.,* 159 W.Va. 442, 448, 225 S.E.2d 671, 674 (1976)." *Robinson v. Cabell Huntington Hospital*, 201 W.Va. 455, 460, 498 S.E.2d 27, 32 (1997). However, no evidence of any such contract exists here.

consistently failed to keep them in a condition that would not cause an obstruction. Therefore, we find no evidence that petitioner waived its right to remove the hedges and tree.

Lastly, due to respondent's lack of standing, we find it unnecessary to address petitioner's third assignment of error regarding whether the current state of the hedges and tree limit the stopping sight distance. Because respondent does not own the land on which the hedges and tree sit, the circuit court erroneously awarded her the injunctive relief she sought below. Accordingly, we decline to address this issue on appeal.

For the foregoing reasons, we reverse the circuit court's April 4, 2017, judgment order ruling in favor of respondent and remand this case for further proceedings consistent with this memorandum decision.

Reversed and remanded.

**ISSUED**:  May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker