FILED

April 15, 2022

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0038 – *Tanner v. Raybuck*

WOOTON, J., concurring, in part, and dissenting, in part:

I concur in the majority's determination to vacate the circuit court's dismissal with prejudice and remand for a non-prejudicial dismissal. However, I write separately to express my disagreement with the majority's decision to dispense with the case on an issue neither raised below, ruled on by the circuit court, nor properly briefed before this Court.[1]

Petitioners herein provided a notice of claim and notified respondent that they were availing themselves of the extended period of time pursuant to West Virginia Code § 55-7B-6(d) (2019) to provide a screening certificate of merit because the statute of limitations was soon to expire. They filed their complaint and provided the certificate of merit commensurate with the extended time period provided in § 55-7B-6(d). Upon receipt of the screening certificate of merit from petitioners, respondent's counsel raised informally what she believed to be the inadequacy of the certificate of merit due to a purported lack of "experience and/or training" by the screening physician. When that issue was not resolved informally, it was upon this basis alone—the inadequacy of the screening certificate—that respondent moved to dismiss. Accordingly, it was on this issue that the circuit court below ruled, finding the certificate of merit lacking in qualified expert support

---

[1] To be clear, I dissent only to the undertaking of an issue of first impression that has not had the benefit of the "crucible of meaningful adversarial testing." *U. S. v. Cronic*, 466 U.S. 648, 656 (1984). I do not necessarily suggest disagreement with the substantive underpinnings of the majority's decision.

1

and dismissing the complaint for the resultant lack of subject matter jurisdiction. Nowhere does the circuit court's order conclude that it lacked subject matter jurisdiction because the complaint itself was prematurely filed, as that issue was not presented to it by respondent.

As a result, the adequacy of the screening certificate of merit was the issue briefed on appeal by both parties. Petitioners did not brief premature filing of the complaint as this was not the issue presented in the order on appeal. However, upon briefing and at oral argument, respondent attempted to reframe the issue he raised below and as ruled upon by the circuit court. Arguing that, at base, the circuit court's determination was that it lacked "subject matter jurisdiction," respondent contended that the premature filing issue was properly before the Court. However, the circuit court clearly ruled only that it lacked jurisdiction under the MPLA because the screening certificate of merit was inadequate, not that the complaint filing was premature. While either basis may result in a lack of jurisdiction, to claim that the premature filing issue was raised, ruled on, and properly asserted herein is disingenuous.

I recognize, of course, that this Court has held that jurisdictional issues may be raised by a party for the first time on appeal. *See* Syl. Pt. 3, *Charleston Apartments Corp. v. Appalachian Elec. Power Co.*, 118 W. Va. 694, 192 S.E. 294 (1937) ("Lack of jurisdiction may be raised for the first time in this court, when it appears on the face of the bill and proceedings, and it may be taken notice of by this court on its own motion."). Further, while this Court likewise has the authority "on its own motion" to recognize

2

jurisdictional defects, this does not mean that it is necessarily prudent to do so. *Id.*; *see In re Goldston*, No. 20-0742, slip op. at 8 (W. Va. Nov. 19, 2021) (Wooton, J., dissenting) (observing that Court's mere authority to take action "does not speak to the wisdom of so doing."). Because the "manifest[] unfair[ness]" to a party by ruling on an issue never raised is not lessened simply because an issue is jurisdictional, this Court should be very judicious in exercising this authority. *Whitlow v. Bd. of Educ. of Kanawha Cty.,* 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993).

Critically, the *parties* herein did not raise the presumably dispositive issue on appeal[2]; rather, they briefed the issue ruled upon by the circuit court and upon which petitioners' appeal was based—the adequacy of the certificate of merit. It is the majority which *sua sponte* determined to resolve an issue not before it. Therefore, not only does this issue lack development and a ruling below, it suffers the even greater defect that it was not even briefed or developed on appeal by the parties in interest. It is well understood that "[i]ssues that are fully pled, briefed, argued, and decided in the first instance by a lower court not only provide the jurisdictional basis for appellate court review, but well-serve the process that the creators of our system foresaw." *Morrisey v. W. Va. AFL-CIO*, 239 W.

---

[2] Despite attempting to "shoehorn" the premature filing into its brief before this Court, respondent summarily argues merely that petitioners failed to provide a screening certificate with their notice of claim, without so much as addressing the extension for the screening certificate authorized by § 55-7B-6(d) and relied upon by petitioners, or the tolling provisions contained in West Virginia Code § 55-7B-6(i). Therefore, despite attempting to recharacterize the argument to one he failed to raise below, respondent likewise failed to afford the issue adequate treatment before this Court.

3

Va. 633, 647, 804 S.E.2d 883, 897 (2017) (Workman, J., concurring in part and dissenting in part).

There is an inherent wisdom and equity to our long-standing principle that "the trial court must be provided with an opportunity to rule on issues properly before it and that it would be improper for this Court to rule on an issue on which the trial court had not first passed judgment." *State v. Jessie*, 225 W. Va. 21, 27, 689 S.E.2d 21, 27 (2009). Fundamental to that precept is "the element of fairness[]" to the parties and the "need to have the issue refined, developed, and adjudicated by the trial court, so that we may have the benefit of its wisdom." *Whitlow,* 190 W. Va. at 226, 438 S.E.2d at 18. *Cf.* Syl. Pt., 3, *State v. Salmons*, 203 W. Va. 561, 509 S.E.2d 842 (1998) (holding that when a defendant raises error for first time on appeal, if State does not object, "*actually briefs the matter,* and the record is adequately developed on the issue" the Court may, in its discretion, review merits (emphasis added)); *see also State ex rel. Justice v. King*, 244 W. Va. 225, ___, 852 S.E.2d 292, 310 (2020) (Workman, J., concurring) (admonishing Court's tendency to "[r]ul[e] dispositively or create[e] dispositive standards without factual development or even a ruling from the lower court").

In my view, were the majority intent on the premature filing issue being addressed, the appropriate means to do so would be to remand for the issue to be raised and developed in the lower court. "Appellate courts generally must remand a case to afford parties an opportunity to cure jurisdictional defects in their pleadings when the parties did

4

not have that opportunity in the first instance because the jurisdictional issue arose for the first time on appeal." *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 558-59 (Tex. 2016). Because jurisdictional defects are never waived, respondent would still have the ability to raise the premature filing on remand and provide petitioners notice of this defense and the ability to formulate an argument in response. Then, if either party took issue with the circuit court's resolution of this issue, it could be properly presented to this Court on appeal, complete with a record, a ruling from the circuit court, and proper briefing by the parties in interest.

"'[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties.'" *Greenlaw v. United States*, 554 U. S. 237, 244 (2008) (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987) (Arnold, J., concurring)). The majority's eagerness to reach an undeveloped issue without first affording petitioners an opportunity to consider and formulate an argument in response is inequitable and runs contrary to our adversarial system and precepts of appellate review—regardless of whether its new holding is sound or not. Accordingly, I respectfully concur in part and dissent in part.